# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

| | |
|---|---|
| TONY CORN,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>DOLGENCORP, LLC d/b/a DOLLAR GENERAL STORE #9830, AND DOLLAR GENERAL CORP.,<br><br>　　　　　Defendants. | Civil Action File No.: _____<br><br>*[Removed from Polk County Superior Court;]* |

## NOTICE OF REMOVAL

COME NOW Dolgencorp, LLC (improperly named as Dolgencorp, LLC d/b/a Store #9830) and Dollar General Corporation (party defendants in the above-styled case), and within the time prescribed by law, files this Notice of Removal and respectfully shows to the Court the following facts:

1.

Plaintiff filed suit against Defendants in the Superior Court of Polk County, State of Georgia for personal injuries allegedly incurred as a result of a fall in a Dollar General store located at 1164 N. Main Street, Cedartown, GA 30125. The suit is styled as above and numbered Civil Action File No. SUCV2022000221 in that Court.

2.

Dolgencorp, LLC, is a Kentucky single-member limited liability company with a principal place of business in Goodlettsville, TN. Dolgencorp, LLC is not a citizen of the state of Georgia, was not a citizen of the state of Georgia on the date of filing of the aforementioned civil action and it has not since become a Georgia citizen. The sole member of Dolgencorp, LLC, is Dollar General Corporation.

3.

Dollar General Corporation[1] is a Tennessee corporation with a principal place of business in Goodlettsville, Tennessee. Dollar General Corporation is not a citizen of the State of Georgia, was not a citizen of the State of Georgia on the date of filing of the aforementioned civil action, and it has not since become a Georgia citizen.

4.

Upon information and belief, Plaintiff Tony Corn is a resident of the State of Georgia who has been a resident of Georgia since the time of the alleged incident and has no plans to move outside of the state of Georgia for the foreseeable future. *See* Plaintiff's Complaint for Damages, a true and accurate copy of which is attached hereto as **Exhibit "A."** Upon further information and belief, Plaintiff was not a

---

[1] Dollar General Corporation maintains it is not a proper party to this action, but it has not yet been dismissed by Court order.

citizen of the State of Tennessee or the State of Kentucky on the date of filing the aforementioned civil action, has not since become a citizen of Tennessee or the State of Kentucky, and he intends to remain in Georgia indefinitely.

5.

Defendants were served with the Summons and Complaint for Damages on or about April 6, 2022. In his Complaint, Plaintiff alleged damages in the form of past, present, and future physical pain and suffering, special damages for past present and future medical expenses, and past and future lost wages. *See* **Exhibit "A,"** at ¶27.

6.

The Defendants timely filed an Answer on April 29, 2022. *See* **Exhibit "B,"** Answer and Defenses of Defendants

7.

The aforementioned civil action is a civil action of which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332 and, accordingly, is one which may be removed to this Court by Defendant/Petitioner pursuant to the provisions of 28 U.S.C. § 1441, in that it is a civil action in which the matter in controversy will exceed the sum of $75,000.00 exclusive of interests and costs, and is between citizens of different states.

8.

Plaintiff failed to plead his special damages with specificity in his Complaint as required by O.C.G.A. § 9-11-9(g).

9.

Plaintiff did, however, send a lengthy and well-considered pre-suit demand, which identified his past medical expenses as being in the amount of $142,737.00. *See* **Exhibit "C,"** Plaintiff's Pre-Suit Demand Letter at P. 1.  This demand letter also assessed costs of future treatment (excluding any potential surgery and necessary MRIs) to be $4,000 a year for 13 years, totalling $52,000.00. **Exhibit "C,"** at P. 16.

10.

Plaintiff also alleges in his Complaint that he will incur future medical expenses and contends he should recover for mental and physical pain and suffering and emotional distress and lost wages.   *See* **Exhibit "A,"** at ¶27.

11.

The total claimed medical expenses—not including future medical expenses and lost wages—sought by Plaintiff will exceed the sum of $75,000.00, exclusive of interest and costs.

12.

"While [a] settlement offer, by itself, may not be determinative, it counts for something." *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1097 (11th Cir.1994). "How much it counts for depends on the content of the letter." *Farley v. Variety Wholesalers, Inc.,* No. 5:13–cv–52 (CAR), 2013 WL 1748608, at *2 (M.D.Ga. Apr. 23, 2013). Further, "'Pre-suit demand letters that reflect posturing and puffery are entitled to little weight, while '[m]ore weight should be given to a settlement demand if it is an 'honest assessment of damages.'" *Id.* (quoting *Cross v. Wal–Mart Stores, East, LP,* No. 7:11–cv–21(HL), 2011 WL 976414, at *2 (M.D.Ga. Mar. 17, 2011); *see also Aviles De Polio v. Burlington Coat Factory Warehouse Corp.,* No. 1:18-CV-5680-TCB, 2019 WL 8989870, at *2 (N.D. Ga. Jan. 15, 2019); *Carrington v. Bausch & Lomb, Inc.,* No. 1:07-CV-128-TCB, 2007 WL 9703172, at *3 (N.D. Ga. Mar. 8, 2007).

13.

Plaintiff's demand letter dated January 31, 2022 establishes that the amount in controversy in this matter exceeds the $75,000 jurisdictional limits. Plaintiff itemized his medical specials as they existed at that time and considered, assessed, and itemized his future medical costs exclusive of surgery. Even if this Court

discounts the total amount demanded in the letter, the claimed past medical specials well exceed the jurisdictional limits of $75,000.

14.

Defendants were served with the Summons and Complaint on April 6, 2022. This Notice is filed within 30 days thereof pursuant to the requirements of 28 U.S.C. § 1446(b).

15.

Pursuant to the provisions of 28 U.S.C. § 1446, Defendants have attached hereto copies of all process, pleadings, and orders served upon it in this case, such copies being marked **Exhibit "D."** In addition, Defendant shows that it has already answered the lawsuit in the state court action referenced above and a copy of that Answer is attached hereto as **Exhibit "B."** There are no motions pending in the Superior Court of Polk County, Georgia at the time of filing this Notice of Removal.

16.

Venue properly rests in the Rome Division of the United States District Court of the Northern District of Georgia, as this case is being removed from the Superior Court of Polk County, Georgia, which sits in the Rome Division of United States District Court for the Northern District of Georgia. A Notice of Filing Notice of Removal to Federal Court will be filed with the Superior Court of Polk County,

Georgia.

WHEREFORE, Defendants pray that the case be removed to the United States District Court for the Northern District of Georgia, Rome Division.

This 29th day of April, 2022.

    Respectfully submitted,

    SWIFT, CURRIE, MCGHEE & HIERS, LLP

    */s/ Erica L. Morton*

    Erica L. Morton, Esq.
    Georgia Bar No.: 140869
    Brianna S. Tucker, Esq.
    Georgia Bar No.: 109297
    *Attorneys for Defendants*

SWIFT, CURRIE, MCGHEE & HIERS, LLP
1355 Peachtree Street, NE, Suite 300
Atlanta, Georgia 30309-3231
Phone: (404) 874-8800
Fax:   (404) 888-6199
Email: erica.morton@swiftcurrie.com
Email: brianna.tucker@swiftcurrie.com

## **CERTIFICATE OF COMPLIANCE**

Counsel hereby certifies that this document has been prepared with one of the font and point selections approved by the Court pursuant to L.R. 5.1(C) of the Northern District of Georgia, specifically, 14 point, Times New Roman font.

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

| | |
|---|---|
| TONY CORN, <br><br> Plaintiff, <br><br> v. <br><br> DOLGENCORP, LLC d/b/a DOLLAR GENERAL STOrE #9830, AND DOLLAR GENERAL CORP., <br><br> Defendants. | Civil Action File No.: _____ <br><br> *[Removed from Polk County Superior Court;]* |

## **CERTIFICATE OF SERVICE**

I certify that I have electronically filed the ***Notice of Removal*** with the Clerk of Court using the CM/ECF (Pacer) system which will automatically send email notification of such filing to the following attorneys of record:

J. Steve Austin, Esq.
P.O. Box 25
511 Main Street
Cedartown, GA 30125
Email: astinsteve@yahoo.com

Nicholas J. Rego, Esq.
131 Alewine Avenue
P.O. Box 276
Tallapoosa, GA 30176
Email: njrego@earthlink.net
*Attorneys for Plaintiff*

This 29th day of April, 2022.

        Respectfully submitted,

        SWIFT, CURRIE, MCGHEE & HIERS, LLP

        */s/ Erica L. Morton*

        Erica L. Morton, Esq.
        Georgia Bar No.: 140869
        Brianna S. Tucker, Esq.
        Georgia Bar No.: 109297
        *Attorneys for Defendants*

SWIFT, CURRIE, MCGHEE & HIERS, LLP
1355 Peachtree Street, NE, Suite 300
Atlanta, Georgia 30309-3231
Phone: (404) 874-8800
Fax:   (404) 888-6199
Email: erica.morton@swiftcurrie.com
Email: brianna.tucker@swiftcurrie.com