EFILED IN OFFICE
CLERK OF SUPERIOR COURT
POLK COUNTY, GEORGIA

**SUCV2022000221**
MHL

MAR 28, 2022 03:22 PM

Stacie M. Baines, Clerk
Polk County, Georgia

## IN THE SUPERIOR COURT OF POLK COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| TONY CORN | * | |
| | * | CIVIL ACTION |
| | * | FILE NO. _____ |
| Plaintiff | * | |
| | * | |
| Vs. | * | |
| | * | |
| DOLGENCORP, LLC d/b/a, | * | |
| DOLLAR GENERAL STORE# 9830, and | * | |
| DOLLAR GENERAL CORP. | * | |
| Defendant | * | **JURY TRIAL DEMANDED** |

### PLAINTIFF'S COMPLAINT FOR DAMAGES

Comes now, TONY CORN, Plaintiff who makes and files this Complaint against

Dolgencorp, LLC d/b/a Dollar General Store #9830 and, Dollar General Corporation, (herein

after referred to together as "Defendant") as follows:

### PARTIES AND JURISDICTION

1.

Plaintiff, Tony Corn resides at 229 3rd Street, Cedartown, Polk County, GA and is subject

to the jurisdiction of this Court.

2.

Dolgencorp, LLC is a foreign profit corporation, authorized by applicable laws and

regulations to transact business in the State of Georgia. Prior to and on the April 4, 2020, date,

the Dolgencorp, LLC managed, maintained, and/or operated, both individually and by and/or

employees numerous retail stores in Polk County, Georgia, including the store known as Dollar

General Store # 9830. Defendant's Registered Agent is CSC of Cobb County, Inc. and is located

at 192 Anderson Street, SE, Suite 125, Marietta, Cobb County, Georgia 30060, where it may be

personally served with a copy of this summons and Complaint on Defendant's behalf.

3.

Dollar General Corporation, is a foreign profit corporation, authorized by applicable laws

and regulations to transact business in the State of Georgia.  Prior to and on the April 4, 2020,

date, Dollar General Corporation, in conjunction with Dolgencorp, LLC, managed, maintained,

and/or operated, both individually and by and/or employees numerous retail stores in Polk

County, Georgia, including the store known as Dollar General Store # 9830.  Defendant's

Registered Agent is CSC of Cobb County, Inc. and is located at 192 Anderson Street, SE, Suite

125, Marietta, Cobb County, Georgia 30060, where it may be personally served with a copy of

this summons and Complaint on Defendant's behalf.

3.

This complaint stems from a premise liability claim which occurred inside the Premises

and jurisdiction and venue are proper in this court.

## **BACKGROUND**

4.

On or about April 4, 2020, Plaintiff and his wife were invitees at Dollar General Store

# 9830 located at 1164 N. Main Street, Cedartown, Georgia 30125.

5.

At the aforementioned time and location of the incident, the Defendant, individually

and/or by and through its agents, servants and/or employees maintained the entire premises

including the interior of the retail location, its floors, and mopping equipment and warning signs,

and all contents thereof, in such a manner which created a hazard to invitees like Plaintiff.

6.

Specifically, the Defendant's agent/employee had mopped the floor of the store's dog food aisle

in such a manner to leave clear mop water standing in the floor and in the path of customers and invitees like Plaintiff and which created a wet and slippery surface which was not visible or noticeable to Plaintiff.

7.

In addition, Defendant and its employees/agents and management failed to place "wet floor" signs or otherwise to warn invitees of the hazard.

8.

The Defendant's management failed to supervise the mopping and ensure that the employee did not create a hazardous condition for invitees and that employee/agents placed "wet floor" signs or "blocked off" the hazardous areas and otherwise warned invitees like Plaintiff of the hazard or took other action to prevent injury to customers.

9.

At this relevant time, Plaintiff was walking and had passed through the dog food aisle and had just turned right at the end of the aisle and started around the corner when suddenly Plaintiff encountered and slipped in the wet mop water causing him to fall and strike his left knee, right wrist and jamming his neck.

10.

At the time of Plaintiff's fall, the Plaintiff did not notice the mop water that had accumulated on the floor at the area of the fall and/or the slippery floor nor would a reasonable person in Plaintiff's position have noticed the hazard.

11.

After the Plaintiff's fall, a Defendant's employee/agent admitted that he had mopped the floor and failed to place "wet floor" signs.

12.

The Defendant's manager requested that the said employee immediately clean up the wet floor and mop water with paper towels, which they did.

13.

As a direct and proximate result of Defendant's negligence in creating and maintaining a hazardous condition, the Plaintiff was caused to slip and fall to the floor, thereby sustaining severe and permanent injuries.

14.

Defendant had exclusive ownership, possession and control over the (premises), located at 1164 North Main Street, Cedartown, Polk County, Georgia 30125, at all times relevant to this litigation.

15.

As a result of Plaintiff's fall, Plaintiff suffered a severe left knee injury, a fractured his right wrist, and a neck injury.

## COUNT 1
## PREMISES LIABILITY

16.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 15 above as if fully restated.

17.

Plaintiff was an invitee on the premises at the time of the fall.

18.

Defendant owed a nondelegable duty of reasonable care in keeping the premises safe for invitees such as plaintiff.

19.

Defendant was negligent in failing to properly inspect the area where the fall occurred, in failing to remove the hazard from the floor, in failing to take adequate measures to protect invitees from substances on the floor and in failing to keep the premises safe for invitees.

20.

Defendant's negligence was the proximate cause of plaintiff's injuries.

## COUNT 2
## VICARIOUS LIABILITY

21.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 20 above as if fully restated.

22.

At all times relevant to this action, the individuals responsible for inspecting, cleaning and maintaining the area where plaintiff fell were employed by defendant and were acting within the scope of their employment.

23.

Defendant is responsible for the conduct of these individuals under the doctrine of *respondeat superior*, agency or apparent agency.

## COUNT 3
## NEGLIGENT TRAINING & SUPERVISION

24.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 23 above as if fully restated.

25.

Defendant was negligent in failing to adopt appropriate policies and procedures to make sure that appropriate inspections, cleaning and maintenance were performed on the premises and in failing to train its employees concerning safety procedures for inspecting, cleaning and maintaining the premises.

26.

Defendant was negligent in training and supervising its staff.

27.

As a result of defendant's negligence in training and supervising its employees, plaintiff was injured on the premises.

WHEREFORE, plaintiff prays that he have a trial on all issues and judgment against defendant as follows:

(a)     That plaintiff recover the full value of past and future medical expenses and past and future lost wages in an amount to be proven at trial;

(b)     That plaintiff recover for past and future mental and physical pain and suffering and emotional distress in an amount to be determined by the enlightened conscience of the jury;

(c)     That plaintiff recover such other and further relief as is just and proper;

(d)     That all issues be tried before a jury.

This 28th day of March, 2022.

/s/ J. Steve Astin
J. Steve Astin
Georgia Bar No. 026198
Attorney for Plaintiff

P.O. Box 25
511 Main Street
Cedartown, GA 30125
Phone:  (770) 749-9020
Fax:     (770) 748-8188
astinsteve@yahoo.com

/s/ Nicholas J. Rego
Nicholas J. Rego
Georgia Bar No. 599365
Attorney for Plaintiff

131 Alewine Avenue
Post Office Box 276
Tallapoosa, Georgia 30176
Phone: (770) 574-7686
Fax:     (770) 574-7052
njrego@earthlink.net

## VERIFICATION

Comes now TONY CORN, Plaintiff, in the above-styled matter, and after first being duly sworn by an officer authorized by law to administer oath, does depose and says upon said oath and upon personal knowledge, information and belief that the facts contained in the foregoing COMPLAINT are true and correct to the best of his knowledge and belief.

This 28th day of March, 2022.

_____
TONY CORN

Sworn to and subscribed before me
this 28th day of March, 2022.

_____
Notary Public

My Comm Expires: 9/23/2024